UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISING, LLC, DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISING, LLC, and BR IP HOLDER LLC<br><br>Plaintiffs,<br><br>vs.<br><br>VINCENT E. LUDWIG, LOCATIONS IV, INC., LOCATIONS VII, INC., and VEL MGT. CO, INC.<br><br>Defendants. | Civil Action<br><br>CASE NO. 2:17-cv-11563 |

## COMPLAINT

This is an action for breach of contract of franchise agreements awarded by Plaintiffs to Defendants, for trademark infringement and for unfair competition. Plaintiffs seek monetary judgments against Defendants and if necessary, injunctive relief, and in support thereof state the following:

## PARTIES

1. Plaintiffs Dunkin' Donuts Franchising, LLC, Dunkin' Donuts Franchise Restaurants, LLC and Baskin-Robbins Franchising LLC are Delaware limited liability companies with their principal place of business in Canton, Massachusetts. Dunkin' and Baskin are engaged in the business of franchising independent business persons to operate trademarked outlets throughout the world. The franchisees are licensed to use the trade names, service marks, and trademarks to operate under the Dunkin' and Baskin systems, which involves the production, merchandising, and sale of products utilizing a specially designed building with special equipment,

equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and identification.

2. DD IP Holder, LLC is a Delaware limited liability company with its principal place of business in Massachusetts and is the registrant of famous DUNKIN' DONUTS trademarks, serial number 76266479, for example, at the United States Patent and Trademark Office. DD IP Holder LLC is also the owner of other intellectual property licensed to its affiliate, Dunkin', which in turn sublicense intellectual property to its franchisees.

3. BR IP Holder, LLC is a Delaware limited liability company with its principal place of business in Massachusetts and is the registrant of famous BASKIN-ROBBINS trademarks, serial number 78977099, for example, at the United States Patent and Trademark Office. BR IP Holder LLC is also the owner of other intellectual property licensed to its affiliates, Baskin', which in turn sublicense intellectual property to its franchisees.

4. Corporate defendants, Locations VII, Inc., Locations IV, Inc., and Vel Mgt. Co., Inc., are New Jersey corporations with their principal place of business in New Jersey, and is the owner and operator of the Dunkin' Donuts and/or Baskin-Robbins Shop PC Nos. 336063, 345311, and 348370.

5. Each of the corporate defendants' locations were operated under a separate written Franchise Agreement, which all cross- guaranteed the others' obligations.

6. Defendant Vincent Ludwig is a citizen and resident of the State of New Jersey, the sole owner of the corporate defendants and personally guaranteed and agreed to perform the obligations of corporate defendants under the Franchise Agreements and under defendants' affiliated Franchise Agreement of Chapter 11 debtor, Locations IX, Inc.

## **VENUE AND JURISDICTION**

7. Jurisdiction is also based on 28 U.S.C. §§ 1331 and 1338 as this action deals with trademark infringement. Jurisdiction is additionally based on 28 USC § 1332 as plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. None of the plaintiffs is owned by a citizen of New Jersey.

8. Venue is properly in this District pursuant to 28 U.S.C. § 1391(b).

9. This Court has in *personam* jurisdiction over Defendants because they are residents of this District who also conduct business in this District.

### **The Parties' Rights and Obligations Under the Franchise Agreement**

10. Dunkin' and/or Baskin and each Corporate Defendant entered into a Franchise Agreement for each of the locations, either directly, or by assignment.

11. Pursuant to each Franchise Agreement, the Corporate Defendants agreed to operate its retail units ("Defendants' Shops") utilizing Dunkins' and/or Baskin' trade names, trademarks, trade dress, proprietary marks, as well as the Dunkin' and/or the Baskin' system.

12. The individual defendant executed a personal guarantee under which he agreed to perform and be bound by the obligations of Corporate Defendants under each Franchise Agreement.

13. The Corporate Defendants are licensed to use the Dunkin' and/or Baskin trade names, and trade dress in accordance with the terms of each Franchise Agreement.

14. Under the terms of each Franchise Agreement, Corporate Defendants agreed to do certain things, including accurately reporting on an approved form each week gross sales for the preceding calendar week, at which time all fees required to be paid were to be remitted (Paragraph 5.2.1).

15. The Franchise Agreement executed by each Defendant also contains acknowledgments and agreements by the Defendant concerning the continued use of Plaintiffs' proprietary marks or any methods associated with the name "Dunkin' and "Baskin" after the termination of the Franchise Agreement.

16. The applicable paragraphs of the Franchise Agreement include that:

> **9.0 You agree to use only the Proprietary Marks we designate and in the manner that we approve. You may use and display such Proprietary Marks only in connection with the operation of the Store and in compliance with our Standards.**
>
> **14.7 In the event of termination or expiration of this Agreement:**
>
> **14.7.1 You must pay all monies owed under this Agreement, including any fees and interest, within ten days.**
>
> **14.7.2 You must immediately cease operation of the Store and no longer represent yourself to the public as our franchisee.**

17. Pursuant to the Franchise Agreement, Corporate Defendants agreed to pay the Franchisor all damages with interest, costs and expenses, including reasonable attorneys' fees, incurred by reason of any failure to make payments when due, failure to cure a default, or termination of any Franchise Agreement.

## Defendants' Defaults Under the Franchise Agreements.

18. Corporate defendants have failed to pay when due all monies owed to Plaintiffs under its Franchise Agreements.

19. Plaintiffs sent Defendants Notice to Cure letters demanding that Defendants pay all monies due to Plaintiffs.

20. Defendants failed to timely cure their defaults, and affiliate Locations IX, Inc. is currently a Chapter 11 debtor. For this reason, collection of the amounts owed by the Chapter 11 debtor Locations IX, Inc. is sought against its personal guarantor, Defendant Ludwig.

21.     Plaintiffs sent corporate defendants a Notice of Termination, placing Defendants on notice that its Franchise Agreements were terminated with effective dates of at least 60 days, demanding that Defendants comply with its post-termination obligations to cease operating, and deliver possession of the premises upon the effective date of termination.

22.     The Notice of Termination was based on the failure of Defendants to cure their previously noted monetary defaults and their failure to comply with their sales reporting requirements.

23.     Specifically, each Defendant owes the following amounts estimated under the Franchise Agreements as of November 8, 2017 for the following brands:

| PC No. 336063 | Locations VII, Inc. | $7,638.07 (Dunkin) |
| PC No. 348370 | VEL Mgt Co., Inc. | $9,309.09 (Dunkin) |
| PC No. 345311 | Locations IV, Inc. | $15,562.47 (Dunkin) |
| PC No. 339089 | Locations IX, Inc. | $34,586.63 (Dunkin) |
| PC No. 339089 | Locations IX, Inc. | $44,205.78 (Baskin) |

**COUNT I**
**(On behalf of Dunkin' Donuts against all Defendants)**
**(Breach of Franchise Agreements)**

24.     Defendants are in default pursuant to their Franchise Agreements as a result of the non-payment of the above fees, and each Defendant is jointly and severally liable for the amounts unpaid under each Franchise Agreement under either the terms of the Franchise Agreement, or under the language of the personal guaranty.

25. As a direct and proximate result of these breaches, plaintiffs have incurred and are likely to incur substantial losses, fees, and expenses.

26. Defendant Ludwig owes an estimated $111,302.04 as guarantor of the Franchise Agreements, jointly and severally.

## COUNT II
### (Plaintiffs v. Corporate Defendant)
### (Trademark Infringement)

27. The preceding allegations are hereby incorporated by reference.

28. The franchise agreements of Corporate Defendants are terminated, or with the passage of time will be imminently terminated.

29. Corporate Defendant's post-termination use of the Dunkin' and Baskin trademarks, trade name, and trade dress is likely to confuse or deceive the public into believing, contrary to fact, that their shops are licensed, franchised, sponsored, authorized, or otherwise approved by plaintiffs or is in some other way connected or affiliated with Dunkin' and Baskin. Such unlicensed use infringes on plaintiffs' exclusive right in the trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Corporate Defendants, acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

31. As a result of Corporate Defendants' actions, plaintiffs have suffered and are continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT III
### (Plaintiffs v. Defendants)
### (Unfair Competition)

32. The preceding allegations are hereby incorporated by reference.

33. The Corporate Defendants use of plaintiffs' trademarks, trade names, and trade dress after the termination of the Franchise Agreements is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities. Such continued unauthorized use of the trademark and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34. Corporate Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

35. As a result of Corporate Defendants' actions, plaintiffs have suffered and are continuing to suffer irreparable injury, and has incurred and are continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT IV
### (Plaintiffs v. Defendants)
### (Enforcement of Restrictive Covenant)

36. The preceding allegations are incorporated by reference herein.

37. Each franchise agreement provides certain restrictions on Defendants' activities:

**10.2 For the first twenty-four months following the expiration or termination of this Agreement or transfer of an interest in the franchised business (the "Post-Term Period), neither you nor any shareholder, member, partner, officer, director or guarantor of yours, or any person or entity who is in active concert or participation with you or who has a direct or indirect beneficial interest in the franchised business, may have any direct or indirect interest in, perform any activities for, provide any assistance to or receive any financial or other benefit from any business or venture that sells products that are the same as or substantially similar to those sold in Dunkin' Donuts stores and located within five (5) miles from the Store of any other Dunkin' Donuts store that is open or under development. The restriction in the previous sentence does not apply to your ownership of less than two percent (2%) of a company whose shares are listed and traded on a national or regional securities exchange. The Post-Term Period begins to run upon your compliance with all of your obligations in this Section.**

38. Plaintiffs will be immediately and irreparably harmed by violation of these activity restrictions as Defendants' violation will usurp the good will associated with the proprietary marks and confidential information contained and used in Plaintiffs' franchise systems.

## **PRAYER FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF**

WHEREFORE, Plaintiffs request that this Court:

A. Enter judgment in favor of plaintiffs against defendants for the damages incurred by plaintiffs as a result of defendants' actions in the minimum amount of $111,302.04 for past due royalties and advertising fees, as well as future losses;

B. Award plaintiffs exemplary or punitive damages against defendants as a result of their actions;

C. Award plaintiffs judgment against defendants for the damages plaintiffs have sustained and the profits defendants have derived as a result of their trademark infringement and unfair competition, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D. Enter an order enjoining defendants, and all those acting in concert, by preliminary and permanent injunction, from using the trademarks, trade names, good will and trade dress, and from otherwise engaging in unfair competition with Plaintiffs;

E. Enter an order directing defendants to comply with all obligations of a franchisee upon termination of the franchise, as provided in the Franchise Agreements;

F. Award plaintiffs prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

G. Award plaintiffs their costs and attorneys' fees incurred in connection with this action; and

H. Award plaintiffs such other relief as this Court may deem just and proper.

**FOX ROTHSCHILD LLP**

By: /s/ Nathan M. Buchter
 Craig K. Tractenberg, Esquire
 (C.T. 6759) NJ Bar No. 029591982
 Nathan M. Buchter, Esquire
 NJ Bar No. 117472014
 2000 Market Street, 20th Floor
 Philadelphia, PA 19103 – 3222
 Telephone: (215) 444-7161

*Attorneys for Plaintiffs, Dunkin' Donuts Franchising, LLC, DD IP Holder LLC and Baskin'-Robbins Franchising, LLC and BR IP Holder LLC.*

Dated: November 13, 2017